## WASHINGTON.

JOHN P. SHERMAN, JUNIOR, vs. GEORGE P. SHERMAN, SENIOR, et al.

A riparian proprietor whose lands fronted on the northerly and southerly shores of a cove forming a part of Point Judith Pond, built a causeway nearly across the cove in front of his lands. An adjoining riparian proprietor on the cove brought an action at law against the other for the continuance and maintenance of such causeway, and recovered a judgment for damages.

Held, that inasmuch as the jury must have found as a fact that the waters of Point Judith Pond were public navigable waters, such fact is res judicata and not open to controversy between the parties in a suit in equity subsequently brought by the plaintiff to enjoin the further continuance and maintenance of such causeway.

· The effect of the establishment of a harbor line by the Harbor Commissioners under Pub. Stat. R. I. cap. 100, as amended by Pub. Laws R. I. cap. 675, if properly run, is not to deprive a riparian owner of access to his land, but merely to determine a line to which he may fill without encroaching on public rights. If the line is run in such manner that such riparian owner may receive the proportionate share of frontage on the line to which his land is entitled, the action of the Harbor Commissioners cannot be impugned as unconstitutional and void.

BILL IN EQUITY for an injunction and other relief. Heard on pleadings and proofs.

In 1869 George P. Sherman, Senior, being the owner of lands fronting on the northerly and southerly shores of a cove which forms a part of Point Judith Pond, built a causeway from his land on the northerly shore of the cove to Gooseberry Island, so called, also belonging to him and lying in front of his lands. In 1886 he erected another causeway which extended from Gooseberry Island southerly towards, and to within about thirty feet of, his land fronting on the southerly shore of the cove. In 1889 the complainant, an adjoining riparian owner, whose lands fronted on the westerly shore of the cove, filed a bill in equity against George P. Sherman, Senior, and another, to enjoin the further continuance and maintenance of the causeways, and to compel the abatement thereof, as being an encroachment upon the public navigable waters, which cut off or rendered less con-

venient access by·water to the complainant's land.   In 1890 the Harbor Commissioners established a harbor line in the waters of Point Judith Pond, including the cove, under Pub. Stat. R. I. cap. 100, as amended by Pub. Laws, cap. 675, and run the harbor line so that the causeways complained of were within it.   George P. Sherman, Senior, having deceased, the bill was revived against his heirs, and so amended as to set forth the doings of the Harbor Commissioners, with a prayer that if the harbor line should be adjudged to be legally established, the boundary lines between the complainant's interest and the interest of the respondents in the lands covered by the waters of the cove may be settled and determined.

The other facts involved sufficiently appear in the opinion of the court.

*Providence*, March 7, 1894.   PER CURIAM.   The bill proceeds on the theory that the waters of the cove and of Point Judith Pond are public navigable waters.   It is averred in the bill and appears in proof that the complainant, at the May term, 1889, of the Court of Common Pleas for Washington County, recovered a judgment on the verdict of a jury assessing damages in the sum of five dollars against George P. Sherman, Sr., the predecessor in title of the present respondents, for the continuance and maintenance of the causeway southerly from Gooseberry Island into the waters of the cove, between September 20, 1886, and April 3, 1889. The jury, in returning this verdict, must necessarily have found as a fact that the waters of the cove and of Point Judith Pond were public navigable waters.   That fact, therefore, is *res judicata*, and no longer open to controversy between the parties.   Moreover, the establishment of the harbor line referred to in the pleadings is averred in the bill, and not denied in the answer, to have been on the application of the said George P. Sherman, Sr., and his children, the latter being the present respondents.   The establishment of a harbor line presupposes that the waters in which it is established are public navigable waters, since unless such the Harbor Commissioners would have no authority to establish

such a line.   For the purpose of the present suit, we must assume that the waters in question are public navigable waters, and, consequently, that the Harbor Commissioners had jurisdiction to establish said harbor line.

The complainant contends that the action of the Harbor Commissioners in establishing this harbor line was unconstitutional and void, because the effect of filling out to it, as he contends, will be to deprive him of access to his land ; that the right of access to his land by a riparian proprietor is property which cannot be taken from him without compensation ; and that the statute conferring on the Harbor Commissioners authority to establish a harbor line makes no provision for compensation for the taking of such a right.   The effect, however, of the establishment of a harbor line, if the line is properly run, is not, to deprive a riparian proprietor of access to his land, but merely to determine a line to which he may fill without encroaching on public rights.   If the line is so run as to protect the rights of all riparian owners, or, in other words, in such manner that each may receive the proportionate share of the frontage on the line to which his land is entitled, such owner is not deprived of access to his land, and the action of the Harbor Commissioners cannot be impugned as unconstitutional and void.   We cannot say on the proof before us that the action of the Harbor Commissioners in establishing the line in question was not a valid exercise of authority.

We will grant the complainant relief to the extent of appointing commissioners to settle and determine the lines and boundaries of the complainant's interest, and the interests of the respondents and others in the land covered by public tide water in said cove and Point Judith Pond within said harbor line, as provided in Pub. Laws R. I. cap. 510.

*Albert B. Crafts*, for complainant.
*Edmund S. Hopkins*, for respondents.